# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **RONALD STANLEY,** | *<br>*<br>* |
| Petitioner, | *<br>* |
| v. | *     Case No. 12-cv-02626-RWT<br>* |
| **STATE OF MARYLAND,** *et al.*, | *<br>* |
| Respondents. | *<br>*<br>*** |

## MEMORANDUM OPINION

Before the Court is Petitioner Ronald Stanley's Complaint, which takes the form of a petition for writ of habeas corpus, in which he challenges his parole revocation and the subsequent calculation of his sentence as violating his due process rights. ECF No. 1.[1] As redress, Stanley requests immediate release from custody. Stanley filed a Motion for Summary Judgment. ECF No. 10. Respondents, the State of Maryland, Maryland Parole Commission ("Parole Commission"), Maryland Division of Correction ("DOC"), Maryland Public Defender's Office, and Maryland Attorney General's Office, through counsel, filed an Answer. ECF No. 15. On June 27, 2013, Respondents filed a Supplemental Answer. ECF Nos. 24 and 25.[2] The Court finds that this matter may be resolved without a hearing. *See* Local Rule 105.6 (D. Md. 2011). For the reasons set forth below, Stanley's Motion for Summary Judgment will be denied and his

---

[1] Generally, a petitioner's custodian is the proper respondent in a § 2241 petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (the writ should be directed to the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge."). As such, the proper respondent in this case is the Warden where Stanley is presently confined. ECF No. 22.

[2] ECF Nos. 24 and 25 are identical. In those pleadings, Respondents withdrew the argument that Stanley's claims were procedurally defaulted. *See id*.

Complaint will be dismissed for failure to exhaust his claims.

## BACKGROUND

On March 7, 1979, the Circuit Court for Wicomico County, Maryland, sentenced Stanley to serve a term of fifteen years for armed robbery, beginning on January 9, 1979, with a five-year consecutive term for use of a handgun in the commission of a felony, and three years to be served concurrently with the fifteen-year sentence for carrying a handgun. ECF No. 15, Affidavit of Judith Hemler, Exhibit 1, Attachment A. On the same day, the Circuit Court sentenced Stanley in a separate case to serve fifteen years consecutive to the sentence identified above. ECF No. 15, Exhibit 1, Attachment B. Thus, Stanley was sentenced to serve a total of thirty-five years imprisonment beginning on January 9, 1979. ECF No. 15, Exhibit 1, Attachment C. The maximum expiration date of his term was January 9, 2014. *Id.*, line 4.

On March 26, 1990, Stanley was paroled. Affidavit of David R. Blumberg, Exhibit 2, Attachment A. Stanley's parole supervision was to continue until January 9, 2014, the maximum expiration date of his term. *See id.* (providing that "[t]he Parolee, upon release, shall be deemed to remain in legal custody until the expiration of the full, undiminished term and upon violation of any condition of his parole shall be remanded to the authority from which paroled, where a hearing shall be conducted by the Parole Commission. If parole is revoked, the Commission shall determine the amount of time spent on parole, if any, which shall be credited to the parolee."). On December 21, 2004, Commissioner Blount continued Stanley on parole with a reprimand for violating Rule 4 of the terms of his parole when Stanley was convicted of second-degree assault in the Circuit Court for Anne Arundel County, Maryland. ECF No. 15, Exhibit 2, Attachment B.

On July 23, 2007, the Division of Parole and Probation asked the Parole Commission to

issue a retake warrant for Stanley for failing to report to his agent since December 21, 2004, the day that he was continued on parole. On July 24, 2007, the Commission issued a retake warrant for Stanley charging him with failing to report to his agent since December of 2004, in violation of Rule 1 of his parole, and for moving without his agent's permission in violation of Rule 3 of his parole. ECF No. 15, Exhibit 2, Attachment D. Stanley's whereabouts were unknown. On January 20, 2012, Stanley returned to the DOC pursuant to the retake warrant. ECF No. 15, Exhibit 1, Attachment C, line 7.

### 1. Revocation Hearing

After a hearing on March 23, 2012, Commissioner Blount revoked Stanley's parole for violating Rules 1 and 3 by absconding from supervision. ECF No. 15, Exhibit 2, Attachment E. The Commissioner awarded Stanley credit for "street time" from March 26, 1990 to August 12, 2002, under Correctional Services Article ("CS") § 7-401(d)(1) ("If the order of parole is revoked, the commissioner hearing the parole revocation, in the commissioner's discretion, may require the inmate to serve any unserved portion of the sentence."). ECF No. 15, Exhibit 2, Attachment E. No diminution credits were revoked because Stanley was on parole, not mandatory supervision. *See id*.

### 2. Calculation of Sentence

The DOC recalculated Stanley's sentences to account for the parole revocation as follows. Stanley had been out of DOC custody for 7,970 days, from March 26, 1990 to October 6, 2004, and from December 21, 2004 to January 20, 2012. ECF No. 15, Exhibit 1, Attachment C, lines 6 and 7. The Commission credited him for 4,598 days (from March 26, 1990 to August 12, 2002). *Id*., line 7; Exhibit 2, Attachment E.

There is no statute authorizing a parole commissioner to revoke a parolee's diminution credits, although diminution credits may be lost by statute. *See* CS § 3-711 ("If an inmate is convicted and sentenced to imprisonment for a crime committed while on parole and the parole is revoked, diminution credits that were awarded before the inmate's release on parole may not be applied toward the inmate's term of confinement on return to the Division."). The statute does not apply in this case because Stanley received probation, not a "sentence of imprisonment," for the second-degree assault offense he committed while on parole. ECF No. 15, n. 2.

Stanley received credit from the DOC for the periods he was in custody following the issuance of the parole retake warrant. *See* COMAR 12.08.01.22.F.7.g. ("[T]ime spent incarcerated following the issuance of a parole revocation warrant shall be awarded and credited" by the DOC). ECF No. 15, Exhibit 1, Attachment C, lines 6 and 7. Under these rules and given the facts presented, the DOC determined that Stanley "owed" 3,372 days (7,970 days – 4,598 days). ECF No. 15, Exhibit 1, Attachment C, line 7. After adding the 3,372 days to Stanley's January 9, 2014, original maximum expiration date, his maximum expiration was adjusted to April 4, 2023. *See id*. As of May 31, 2012, Stanley had earned or been awarded 2,580 diminution credits. ECF No. 15, Exhibit 1, Attachment D. Subtracting these 2,580 days from the April 4, 2023 maximum expiration date of the term resulted in an anticipated release date of March 11, 2016, as of May 31, 2012. *See id*.

On July 13, 2012, Stanley filed an Administrative Remedy Procedure request ("ARP") with the Warden, complaining that he was entitled to industrial and education credits for the years 1979 to 1983. ECF No. 15, Exhibit 1, Attachment E. On July 24, 2012, the DOC denied the ARP because the Commitment Office had credited all credits posted by Case Management in

the Division's computerized recordkeeping system. ECF No. 15, Exhibit 1, Attachment F. Stanley appealed the response to the Commissioner of Correction. ECF No. 15, Exhibit 1, Attachment G. While the appeal was pending, the Commitment Office reviewed its handwritten commitment records and determined that Stanley was entitled to additional diminution credits. ECF No. 15, Exhibit 1, Attachment H, at p. 2.

On October 16, 2012, the Warden amended his response to indicate award of additional diminution credits covering, in part, the time period in question. *See id.* As a result of the additional credit, Stanley's mandatory supervision release date was changed from February 17, 2016 to April 29, 2015, and the Commissioner dismissed Stanley's appeal. ECF No. 15, Exhibit 1, Attachment I. By December 31, 2012, Stanley's record reflected that he had earned or been awarded 2,916 diminution credits. ECF No. 15, Exhibit 1, Attachment L. After subtracting the 2,916 days from Stanley's April 4, 2023, maximum expiration date, his anticipated release date changed to April 10, 2015. *See id*.

On January 15, 2013, Judith Hemler, the Executive Deputy Director of Commitment, reviewed Stanley's commitment records and determined that 140 special project credits earned from February 1, 1981, to May 31, 1983, had not been entered into DOC computerized commitment records. ECF No. 15, Exhibit 1, ¶ 10. The oversight was corrected, thereby changing Stanley's release date to November 21, 2014. ECF No. 15, Exhibit 1, Attachment M.

Stanley filed a grievance with the Inmate Grievance Office ("IGO") on September 24, 2012, complaining that the DOC failed to award him education credits from 1979 to 1983. ECF No. 15, Exhibit 3, Attachment A. On November 16, 2012, the IGO informed Stanley that he was required to exhaust DOC administrative remedies, and directed him to provide copies of his ARP paperwork to the IGO within thirty days of the date of the letter. ECF No. 15, Exhibit 3,

Attachment B. The IGO dismissed the grievance on December 17, 2012, for failure to provide proof of administrative exhaustion. ECF No. 15, Exhibit 3. His appeal of the determination was dismissed by the Commissioner on December 19, 2012. ECF No. 15, Exhibit 1, Attachment I. No judicial review of that decision was sought.

### 3. State Court Litigation

Stanley also filed a habeas corpus petition in the Circuit Court for Somerset County, Maryland, challenging the revocation of his parole. ECF No. 15, Exhibit 5. On April 24, 2012, the Honorable Daniel M. Long issued a show cause order directing the Warden to respond to the Petition on or before June 11, 2012. Exhibit 6. On May 8, 2012, Stanley filed a request to amend his petition. ECF No. 15, Exhibit 7. On May 14, 2012, he filed a *subpoena duces tecum* to compel the Parole Commission to file the transcripts of the hearings held in February, 2012, and on March 23, 2012. ECF No. 15, Exhibit 8. The Court denied the request on May 14, 2012. ECF No. 15, Exhibit 8. On June 11, 2012, the Warden filed an answer to the Petition. Stanley filed a reply to the answer on July 10, 2012. ECF No. 15, Exhibit 9. On August 22, 2012, the Circuit Court for Somerset County entered an Order denying the Petition. Exhibit 13. Stanley noted an appeal. ECF No. 26, Attachment 1; ECF No. 26, Exhibit 1.

## DISCUSSION

This action is subject to the exhaustion requirement of 28 U.S.C. § 2254(b), which applies to petitions filed pursuant to 28 U.S.C. § 2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment).

6

Thus, before seeking federal habeas corpus relief, Stanley must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). Each claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). The state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

### 1. Parole

In the parole context, Correctional Services Article § 7-401(f) provides that a circuit court has jurisdiction to review parole and mandatory supervision revocation decisions by way of an administrative appeal governed by Md. Rules 7-201–7-211. An inmate may file a petition for judicial review in circuit court within thirty days of receipt of the revocation decision. *See* Correctional Services Article § 7-401(f); Md. Rules 7-202 and 7-203. The Parole Commission must file a response to the petition and the record of its proceedings. Within thirty days of the date the clerk notifies the parties that the record has been filed, the petitioner must file a memorandum "setting forth a concise statement of the questions presented for review, a statement of facts material to those questions, and argument on each question, including citations of authority and references to pages of the record and exhibits relied on." Md. Rule 7-207(a).

Judicial review of a revocation decision necessarily includes matters such as alleged violations of the offender's constitutional rights, the sufficiency of the evidence to support the offender's rule violations, and abuse of discretion by the revoking commissioner. Within thirty days after service of the petitioner's memorandum, the Parole Commission may file a responsive memorandum, and the petitioner may file a reply memorandum within fifteen days after service

of the answering memorandum. Unless the parties waive a hearing, the court is required to hold a hearing. *See* Md. Rule 7-208. The court may dismiss the action, or affirm, reverse, or modify the Commission's decision, or remand the case for further proceedings. *See* Md. Rule 7-209.

A direct appeal of a circuit court decision affirming a Parole Commission revocation decision is not permitted by law. Under Maryland law, "appellate jurisdiction, except as constitutionally authorized, is determined entirely by statute, and . . . therefore, a right of appeal must be legislatively granted." *Gisriel v. Ocean City Board of Supervisors of Elections*, 693 A.2d 757, 761 (1997). Md. Code Ann., Cts. & Jud. Proc. § 12-302(a) provides that "[u]nless a right to appeal is expressly granted by law, § 12- 301 does not permit an appeal from a final judgment of a court entered or made in the exercise of appellate jurisdiction in reviewing the decision of the District Court, an administrative agency, or a local legislative body."

An inmate whose parole has been revoked by the Parole Commission may appeal the revocation decision to the circuit court, which shall hear the matter "on the record." Correctional Services Article § 7-401(f). That section, however, does not provide for review of the circuit court's judgment by the Court of Special Appeals. Nor is appellate jurisdiction conferred by the Administrative Procedure Act, Md. Code Ann., State Gov't Art. § 10-201, *et seq.* No statute permits an inmate challenging a revocation decision to file an application for leave to appeal to the Court of Special Appeals. Thus, the only way a prisoner can seek appellate review of a Parole Commission revocation decision is by filing a petition for writ of certiorari in the Court of Appeals within thirty days after entry of the judgment of the circuit court. *See* Md. Rules 8-301(a)(3) and 8-302(b).

2. **Calculation of Sentence**

A Maryland inmate challenging the calculation of his sentence can pursue both

administrative and judicial remedies. The inmate may file a grievance with the IGO. *See generally Adamson v. Correctional Medical Services, Inc.*, 753 A.2d 501 (2000). If the grievance is not found wholly lacking in merit on its face, it is referred to the Office of Administrative Hearings ("OAH") for a hearing before an administrative law judge. *See* Correctional Services Article § 10-207(c).

An order of the OAH finding that an inmate's complaint is lacking in merit constitutes the final decision of the Secretary of Public Safety and Correctional Services ("Secretary") for purposes of judicial review. *See id*. § 10-209(b). If the OAH finds that the grievance is meritorious, an order is forwarded to the Secretary. The Secretary may affirm, reverse, or modify the order of the OAH. *See id*. § 10-209(c). An appeal of the Secretary's decision lies with the "circuit court of the county in which the complainant is confined." Correctional Services Article § 10-210(b)(2). The prisoner may thereafter seek review in the Maryland Court of Special Appeals by application for leave to appeal, *see* Correctional Services Article § 10-210(c)(2), and, if the Maryland Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, the prisoner may then seek review in the Maryland Court of Appeals by petition for writ of certiorari. *See Williams v. State*, 438 A.2d 1301 (1981); Md. Code Ann., Cts. & Jud. Proc. § 12-202.

Additionally, an inmate who "alleges entitlement to immediate release and makes a colorable claim that he or she has served the entire sentence less any mandatory [diminution] credits" may seek relief directly from Maryland courts by petition for a writ of habeas corpus. *See Maryland House of Correction v. Fields*, 703 A.2d 167, 175 (1997). The inmate may appeal a circuit court's decision denying habeas corpus relief to the Maryland Court of Special Appeals, and may thereafter seek certiorari in the Maryland Court of Appeals. *See generally Stouffer v.*

*Pearson*, 887 A.2d 623 (2005); *Stouffer v. Staton*, 833 A.2d 33 (2003); *Jones v. Filbert*, 843 A.2d 908 (2004).

### 3. Failure to Exhaust

Respondents move for dismissal because Stanley has not exhausted his state remedies. He did not file a petition for judicial review of the Parole Commission's decision to revoke his parole. ECF No. 15, Exhibit 2, ¶ 3. Instead, he petitioned for habeas corpus relief in the Circuit Court for Somerset County, attacking his parole revocation and resulting sentence calculation. ECF No. 15, Exhibits 5 and 7. The appeal of that decision remains pending; thus, Stanley has yet to exhaust his state remedies.

Further, Stanley has not presented to any state court his claim that the DOC is wrongfully refusing to credit him with education or work credits for the period from 1979 to 1983. While he appears to have attempted to pursue his administrative remedies within the Department of Public Safety and Correctional Services he has not sought judicial review of the Inmate Grievance Office's dismissal of his grievance, nor has he filed a habeas corpus petition is state court raising the issue.

### 4. Certificate of Appealability

A Certificate of Appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Stanley fails to satisfy this standard and a Certificate of Appealability will not be issued..

## CONCLUSION

Stanley has not exhausted all issues in the instant Petition. Accordingly, the Petition will be dismissed without prejudice and a Certificate of Appealability will not be issued. A separate Order follows.

Dated: August 28, 2013                                /s/
                                        ROGER W. TITUS
                                   UNITED STATES DISTRICT JUDGE